UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>DANIEL YEBOAH,<br><br>                    Defendant. | 95 Cr. 1124 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Daniel Yeboah, proceeding *pro se*, previously filed a letter dated May 14, 2021, requesting that the Court expunge any record of this matter — namely, his 1996 conviction for distribution and possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(c), and Title 18, United States Code, Section 2. (Dkt. #16). As this Court noted in its June 4, 2021 denial, "[f]ederal district courts generally lack subject matter jurisdiction to expunge lawful convictions, with the exception of limited circumstances provided for by statute. (Dkt. # 20 (quoting *Cicero* v. *United States*, No. 19 Misc. 1143 (MKB), 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021); *Doe* v. *United States*, 833 F.3d 192, 196-97 (2d Cir. 2016) ("None of [the relevant Rules of Criminal Procedure] remotely suggests . . . that district courts retain jurisdiction over any type of motion years after a criminal case has concluded.")). Because Mr. Yeboah's letter provided no basis for the Court's exercise of jurisdiction to expunge the record of his conviction, and the Court was aware of no such grounds, the Court denied his request. (Dkt. #20).

On May 17, 2023, the Court received another letter request for expungement from Mr. Yeboah, this time including information that he was not given a fair trial to "face" those who allegedly entrapped him, and instead pleaded guilty in Judge Shirley Wohl Kram's robing room, which he alleges violated his right to have his plea hearing take place in open court, and also violated the public's right of access to his hearing. (Dkt. #21).[1]

On May 24, 2023, the Court issued an endorsement directing the Government to respond to Mr. Yeboah's May 17, 2023 letter with its understand of the proper procedural vehicle, if any, for Mr. Yeboah to bring his concerns, as well as any timeliness issues. (Dkt. #22). The Government filed its response on June 25, 2023, addressing only this Court's lack of jurisdiction to expunge Mr. Yeboah's conviction, Mr. Yeboah's failure to raise entrapment defenses through direct appeal or through post-conviction relief under 28 U.S.C. § 2255, and his waiver of all non-jurisdictional defenses pursuant to his guilty plea. (Dkt. #24).

Upon its read of Mr. Yeboah's letter in more depth, the Court understands it to be a petition for a writ of error *coram nobis* or for a writ of

---

[1] Upon further review of Mr. Yeboah's prior petition, it sees that he claimed that "[e]ven [his] trial was not held in the courtroom. It was held in a very small office beside the courthouse." (Dkt. #16 at 2-3). The Court now understands based on the clearer terms of his May 17, 2023 letter that Mr. Yeboah was attempting to assert a *coram nobis* or *audita querela* request to vacate his plea on that occasion as well. Separately, Mr. Yeboah asserts that he was never read his *Miranda* rights by the DEA, and that he found additional inconsistencies upon his review of the transcripts in his case, including further evidence of his entrapment. (*Id.*). To the extent he is raising these arguments as further support for the vacatur of his guilty plea, he must indicate as such in his brief. To the extent these arguments exist solely as a basis for expungement and are unrelated to his plea, the Court considers them waived for the reasons stated in its June 4, 2021 Order. (Dkt. #21).

2

*audita querela* to vacate his guilty plea, on a basis consistent with *United States* v. *Alcantara*, 396 F.3d 189 (2d Cir. 2005), wherein the United States Court of Appeals for the Second Circuit held that Judge Kram's decision to hold the defendant's plea proceedings in her robing room violated Federal Rule of Criminal Procedure 11 (though it declined to vacate the plea and instead remanded it to the district court). *Id.* at 205-06. On this basis, the Court requests further briefing from both sides.

For Mr. Yeboah's purposes, "[a] writ of error *coram nobis* is 'essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction.'" *United States* v. *Beras*, No. 99 Cr. 75 (RA), 2023 WL 3304674, at *1 (S.D.N.Y. May 8, 2023) (quoting *United States* v. *Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000), then quoting *Fleming* v. *United States*, 146 F.3d 88, 89-90 (2d Cir. 1998)). "[R]elief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Foont* v. *United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and alterations omitted). "To obtain *coram nobis* relief, a petitioner must demonstrate that [i] there are circumstances compelling such action to achieve justice, [ii] sound reasons exist for failure to seek appropriate earlier relief, and [iii] the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting the writ." *Beras*, 2023 WL 3304674, at *1 (quoting *Mandanici*, 205 F.3d at 524 (internal quotation marks omitted)). "[B]ecause a petition for writ of error *coram nobis* is a collateral attack on a criminal

3

conviction, the time for filing a petition is not subject to a specific statute of limitations." *Foont*, 93 F.3d at 79 (quoting *Telink, Inc.* v. *United States*, 24 F.3d 42, 45 (9th Cir. 1994)). However, "an error of constitutional dimension at the time of plea or sentence renders a conviction voidable, not void, and *coram nobis* relief may be barred by the passage of time," and a district court considering the timeliness of a petition for a writ of error *coram nobis* must decide the issue in light of the circumstances of the individual case. *Id.* Additionally, "a court reviewing a petition for *coram nobis* relief must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States* v. *Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018).

Separately, "[a] writ of *audita querela* is available when 'the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues.'" *United States* v. *Panton*, No. 89 Cr. 346 (LAP), 2021 WL 5827045, at *2 (S.D.N.Y. Dec. 8, 2021) (quoting *United States* v. *Richter*, 510 F.3d 103, 104 (2d Cir. 2007)). The writ of *audita querela* is unavailable "if the petitioner could have sought earlier relief through another mechanism such as a direct appeal." *United States* v. *Daugerdas*, 521 F. Supp. 3d 320, 325 (S.D.N.Y. 2021), *aff'd*, No. 21-605, 2022 WL 274226 (2d Cir. Jan. 31, 2022) (summary order) (internal quotation marks omitted). "In other words, the writ is unavailable if a defendant could have sought relief through a direct appeal or a § 2255 motion." *United States* v. *Daugerdas*, No. 21-605, 2022 WL 274226, at *1 (2d Cir. Jan. 31, 2022) (summary order).

Mr. Yeboah is directed to file a supplemental letter brief addressing how the elements of a writ of error *coram nobis* and/or *audita querela* align with his case, and, in particular, whether "sound reasons exist for [his] failure to seek appropriate earlier relief," as his latest letter comes to this Court eighteen years after the Second Circuit's decision in *Alcantara* and almost thirty years after his plea before Judge Kram. His brief shall be due to this Court on or before **November 2, 2023**. The Government is directed to file a response on or before **November 30, 2023**, addressing Mr. Yeboah's arguments and those the Court has raised in the above.

    SO ORDERED.

Dated:  September 27, 2023
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge